IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREG BATES, Individually and as
Personal Representative of the Estate of
JEFF BATES, Deceased,

      Plaintiff,

v.                                                           CV 14-1130 LH/WPL

FORD MOTOR COMPANY, and
FRANK L. VITO,

      Defendants.

**ORDER**

      Greg Bates filed suit against Ford Motor Company and Frank Vito in the First Judicial District in Santa Fe, New Mexico. In his Complaint, Bates alleged strict liability and negligence claims against Ford and negligence claims against Vito arising out of the rollover of a 1996 Ford Ranger in which Jeff Bates was killed. After Ford took the deposition of Vito, Ford removed the case to federal court, alleging that Bates had fraudulently joined Vito to defeat diversity jurisdiction. Bates subsequently filed a Motion to Remand the case to state court. (Doc. 7.)

      At issue now is Ford's motion to conduct limited discovery. (Doc. 4.) Ford requests permission to serve one interrogatory and one request for production to seek the bases on which Bates relied in initially asserting a claim against Vito, as well as the bases on which Bates now relies in refusing to dismiss his claim against Vito. It appears that Bates has changed, or at least supplemented, his allegations against Vito. In his Complaint, Bates alleged that Vito failed to properly inspect the Ranger, and failed to warn that the Ford Ranger was unstable and prone to rollover, and that the roof structure was not crashworthy. When Ford took Vito's deposition,

Vito denied any knowledge that the vehicle was unstable and prone to rollover, or that the roof structure was not crashworthy. In his motion to remand, Bates includes a new allegation against Vito: that Vito installed tires on the Ranger that were taller than recommended, which increased the risk of the Ranger rolling over. Bates admitted that he conducted additional investigation after his complaint was filed to come up with this theory. (Doc. 4 Ex. G.)

A district court has authority to permit discovery on jurisdictional facts (i.e., citizenship of the parties or amount in controversy), but it is within the court's discretion whether to allow such discovery. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008): *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 691-92 (9th Cir. 2006). To establish fraudulent joinder, Ford must show that Bates is unable to establish a cause of action against Vito. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). There is scant authority on whether a court should permit discovery concerning a claim of fraudulent joinder. *See, e.g.*, *Baker v. Tri-Nations Express, Inc.*, 531 F. Supp. 2d 1307, 1315-16 (M.D. Ala. 2008) (court refused to permit discovery on fraudulent joinder claim); *Cannon v. Fortis Ins. Co.*, No. CIV-07-1145-F, 2007 WL 4246000 at *2-3 (W.D. Okla. Nov. 27, 2007) (unpublished) (court allowed discovery on fraudulent joinder claim when plaintiff submitted affidavit containing evidence outside the pleadings).

Judge Parker recently addressed this issue in *Sanchez v. Toyota Motor Sales, U.S.A.*, 14-CV-702 JAP/GBW (D.N.M. Oct. 6, 2014), ECF No. 22. In *Sanchez*, the defendants argued that they were entitled to discovery concerning Sanchez's claim that the non-diverse defendant had negligently installed tires larger than the size recommended by the manufacturer. Judge Parker distinguished *Cannon* on two grounds: First, allowing discovery when a plaintiff alleges general negligence and then provides an evidentiary basis for the claim in support of a motion to remand

2

would penalize a plaintiff for complying with Rule 8, which requires only "a short and plain statement showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Second, when fraudulent joinder is at issue, there is no principled way for a court to exercise its discretion to allow discovery because little separates responding to new matters presented in plaintiff's motion to remand from simply denying the motion and proceeding to full-blown discovery on plaintiff's claims against the non-diverse defendant. Thus, Judge Parker denied the defendants' requested jurisdictional discovery.

      Judge Parker's analysis applies with equal force in this case. Further, Ford has already taken the deposition of Vito, and admits that both sides had the opportunity at that deposition to explore the factual evidence that could serve as a basis for Bates's claims against Vito. (Doc. 10 at 2.) Bates has also admitted that he came up with the theory that Vito installed tires larger than those recommended by the manufacturer after he filed his complaint. (Doc. 4 Ex. G.) Given these facts, Ford has failed to establish that it is entitled to discovery concerning its fraudulent joinder claim, and its request to conduct such discovery is denied.

      IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.