IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREG BATES, Individually and as
Personal Representative of the Estate of
JEFF BATES, Deceased,

      Plaintiff,

v.                                                                                                  CV 14-1130 MV/WPL

FORD MOTOR COMPANY, and
FRANK L. VITO,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on Greg Bates's ("Bates") Motion to Remand. (Doc. 7.) Bates requests that this Court remand the suit to state court, where it was originally filed. Bates argues that the Court should remand the case based on lack of subject matter jurisdiction because Defendant Frank Vito was not fraudulently joined and therefore complete diversity of citizenship does not exist. Additionally, Bates argues that Ford Motor Company's ("Ford") notice of removal (Doc. 1) was untimely because deposition testimony does not count as an "other paper" giving notice to the Defendant for removal. Ford filed a response to the motion (Doc. 14), Vito did not respond, and Bates filed a reply (Doc. 16). Having considered the parties' filings and the relevant law, I conclude that remand is required, and I recommend that Bates's motion be granted.

**BACKGROUND**

Jeff Bates purchased a 1996 Ford Ranger from Vito sometime in mid-2013. On November 9, 2013, Jeff Bates was wearing his seat belt while driving the Ranger, the Ranger

rolled over for an unknown reason, the roof caved into the occupant compartment, and Jeff Bates died.

Bates, a New Mexico resident, filed suit against Ford, a Delaware corporation with its principal place of business in Michigan, and Vito, a New Mexico resident, in the First Judicial District in Santa Fe, New Mexico. In his Complaint, Bates alleged strict liability and negligence claims against Ford and negligence claims against Vito arising out of the rollover in which Jeff Bates was killed. After Ford took Vito's deposition on November 14, 2014, Ford removed the case to federal court based on diversity jurisdiction, arguing that Bates had fraudulently joined Vito to defeat federal jurisdiction. The parties do not dispute that the amount in controversy in this case exceeds $75,000 or the citizenship of the respective parties.

As noted in my previous Order denying Ford's motion to conduct additional discovery concerning its fraudulent joinder claim, it appears that Bates has changed, or at least supplemented, his allegations against Vito. In his Complaint, Bates alleged that Vito failed to properly inspect the Ranger and failed to warn Jeff Bates that the Ranger was unstable and prone to rollover, and that the roof structure was not crashworthy. (Doc. 15.) In his motion to remand, Bates alleges that Vito installed tires on the Ranger that were taller than recommended and thereby increased the risk of the Ranger rolling over.

## LEGAL STANDARDS

Removal of civil actions based on diversity jurisdiction is governed by 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction under § 1332(a)(1) requires an amount in controversy in excess of $75,000 and complete diversity of citizenship between plaintiffs and defendants. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). The party seeking removal based on diversity jurisdiction bears the burden of establishing, by a

preponderance of the evidence, that all jurisdictional requirements have been met. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013); *see McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). The Court may look to evidence in the complaint or submitted after the complaint to determine if the jurisdictional requirements are met. *McPhail*, 529 F.3d at 956. "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

The requirement that diversity of citizenship be established on the face of the complaint can be overcome when there has been fraudulent joinder of a nondiverse party, *Updike v. West*, 172 F.2d 663, 665-66 (10th Cir. 1949). Fraudulent joinder exists when a plaintiff joins a nondiverse party "fraudulently to defeat federal jurisdiction." *McDaniel v. Loya*, --- F.R.D. ---, 2015 WL 711062, at *8 (D.N.M. Jan. 29, 2015) (citations omitted). "'To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)) (alteration in original). Under the second prong of fraudulent joinder, the court must determine whether there is a reasonable basis, in the alleged facts and applicable law, to believe that the plaintiff could succeed in state court against the non-diverse defendant. *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000)).

## DISCUSSION

As the basis for removal and in response to Bates's motion to remand, Ford argues that Bates fraudulently joined Vito because there is no possibility that Bates would be able to establish a cause of action against Vito in state court.

Whether Bates might be able to recover from Vito for negligence is a question of New Mexico state law. The elements of a successful claim for negligence in New Mexico are familiar: duty, breach of that duty based on a failure to exercise reasonable care, and the breach was the actual and proximate cause of the plaintiff's injuries. *Herrera v. Quality Pontiac*, 73 P.3d 181, 185-86 (N.M. 2003).

Bates argues that he has a reasonable basis for recovery on the merits of his negligence claim against Vito because Vito knew or should have known that 1996 Ford Rangers are unstable and prone to rollover, and Vito negligently installed tires larger than the size recommended by the manufacturer on the Ranger in which Jeff Bates was killed. Bates supports this argument with the affidavit of retained expert Michael Huerta, who states that the owner of the 1996 Ford Ranger (i.e., Vito) had equipped the truck with "taller tires . . . [which] raise the center of gravity and make the vehicle more prone to rolling over in an accident." (Doc. 7 Ex. D.)

Ford contends that Bates failed to adduce any evidence showing that Vito knew or should have known that 1996 Ford Rangers are unstable and prone to rolling over, that the tires were too large, or that installing too-tall tires would increase the risk of rolling over. Therefore, Ford argues, there is no reasonable basis on which Bates could recover against Vito.

I disagree. Although Vito denied any knowledge of the tire specifications on a 1996 Ford Ranger, the propensity of such vehicles to roll over, or the strength of the roof structure, he admitted to not inspecting the vehicle. (Doc 1 Ex. 3.) Additionally, Mr. Huerta explained that the tire specifications were listed on the door placard in the Ranger. Whether the Vito knew or should have known about the inherent dangers of 1996 Ford Rangers, the heightened risk of rollover on such a vehicle when installing a too-tall tire, or what the proper tire height was is a

question of fact. I cannot conclude that Bates has no reasonable basis for recovery against Vito in state court. Therefore, I conclude that Vito was not fraudulently joined and complete diversity of the parties does not exist to support federal jurisdiction.

Because I find that Vito was not fraudulently joined and recommend that the Court grant Bates's motion to remand, I do not address whether Ford's notice of removal was timely.

### CONCLUSION

As explained above, Bates has a reasonable basis for recovery against Vito in state court. There was no fraudulent joinder giving rise to federal jurisdiction. This Court lacks jurisdiction because there is neither a federal question nor diversity of citizenship. Therefore, I recommend that the Court grant Bates's motion and remand this action to the First Judicial District Court of the State of New Mexico.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge